Dureee, Judge,
delivered the opinion of the court:
Plaintiff, an Army Reserve officer retired for physical disability, sues to recover an amount representing the difference in disability retired pay between 75 percent of the basic pay of a lieutenant colonel with over 22 years service, and 75 percent of the basic pay of a major with such service for the period for which he has been paid, commencing June 1, 1954 to date of judgment.
Plaintiff was selected for temporary promotion to lieutenant colonel, but his promotion orders were never issued. In the meantime, he had entered an Army hospital as a patient on January 7, 1953. After the publication of the Selection List which contained notice of plaintiff’s selection for temporary promotion to the temporary rank of lieutenant colonel on August 26,1952, plaintiff appeared before a Physical Evaluation Board on February 20, 1953 at the hospital at which he was still a patient, and was subsequently *487 found to be permanently unfit for duty by reason of physical disability incident to service on or before February 26,1953. He was retired on February 28,1953 because of this disability in the rank of major pursuant to sections 402 and 409 of the Career Compensation Act of 1949, 63 Stat. 802, et seg. On March 16,1953 his temporary promotion and commission as a lieutenant colonel, Army of the United States, was officially announced under the provisions of section 515(c), Officer Personnel Act of 1947, 61 Stat. 795, 907. By letter dated April 3,1953 plaintiff’s promotion was revoked by the Department of the Army for the reason that he had been relieved from active duty prior to the effective date of the order.
Plaintiff first contends that he is entitled to have his retired pay computed on the basis of the grade of lieutenant colonel by virtue of the provisions of section 507 (a) (7) of the Officer Personnel Act of 1947, supra, and section 402 (i) of the Act of 1949, supra.
For the purpose of determining plaintiff’s right to recover, the issues presented are the same as those decided in the case of Kratz v. United States, ante, p. 480, also decided March 7, 1962. The two cases were combined for the oral argument before the court.
Following our decision in the Kratz case, we conclude that plaintiff Willis was also “an officer on a recommended list for promotion” within the meaning of section 507(a) (7) of the Officer Personnel Act of 1947, supra, and Title V of the Act. He is therefore entitled to recover an amount equal to the difference between retired pay computed at 75 percent of the basic pay of a lieutenant colonel with over 22 years service, and the retired pay which he has received as a major, for the period from June 1, 1954, to date of judgment. Plaintiff’s motion for summary judgment is granted. Plaintiff is therefore entitled to recover, and judgment will be entered to that effect with the amount of recovery to be determined pursuant to Buie 38 (c). Defendant’s cross-motion for summary judgment is denied.
It is so ordered.
LaeamoRe, Judge; and Jones, Chief Judge, concur.